#### IN THE UNITED STATES DISTRICT COURT
#### EASTERN DISTRICT OF TEXAS
#### BEAUMONT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | |
| **v.** § | **CASE NUMBER 1:22-CR-00004-MAC** |
| § | |
| § | |
| **RICHARD CARRINO** § | |
| § | |

#### REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
#### FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed June 14, 2022, alleging that the Defendant, Richard Carrino, violated his conditions of supervised release. This matter is referred to the Honorable Christine L. Stetson, United States Magistrate Judge, for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59.

### I. The Original Conviction and Sentence

Richard Carrino was sentenced on April 28, 2014, before The Honorable Rebecca R. Pallmeyer, of the Northern District of Illinois, after pleading guilty to two offenses: 1) Count One - Conspiracy to Commit an offense against the United States, a Class D felony; and 2) Count Three - Felon in Possession of a Firearm, a Class C felony. Count One carried a statutory maximum imprisonment term of 5 years and Count Three carried a maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 27 and a criminal history category of VI, was 130 to 162 months. Richard Carrino was subsequently sentenced to 24 months' imprisonment as to Count One, and 86 months' imprisonment as to

Count Three, to run consecutively for a total of 110 months, followed by a 3 year term of supervised release subject to the standard conditions of release, plus special conditions to include: drug aftercare; mental health aftercare; job skills training; payment of any financial penalty imposed by the judgment; community service requirements; repayment of the "Buy Money" in the amount of $2,150.00 to the Government; and a $200 special assessment.

## II. The Period of Supervision

On October 21, 2021, Richard Carrino completed his period of imprisonment and began service of the supervision term in the Eastern District of Texas. On February 22, 2022, jurisdiction in this case was transferred to the Eastern District of Texas and re-assigned to United States District Judge Marcia A. Crone.

## III. The Petition

On June 14, 2022, United States Probation filed the Petition for Warrant for Offender Under Supervision raising seven allegations. The petition alleges that Richard Carrino violated the following conditions of release:

> Allegation 1. The Defendant shall refrain from any unlawful use of a controlled substance. Defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.
>
> Allegation 2. The Defendant shall report to the probation officer as directed by the court or probation officer and submit a truthful and complete written report each month.
>
> Allegation 3. The Defendant shall notify the probation officer ten days prior to any change of residence or employment.
>
> Allegation 4. The Defendant shall participate in a drug aftercare treatment program, which may include urine testing (up to 104 tests per year) at the discretion of the probation officer.

<u>Allegation 5.</u> The Defendant shall participate in a mental health treatment program which may include the use of prescription medication at the discretion of the probation officer.

<u>Allegation 6.</u> The Defendant shall repay "Buy Money" in the amount of $2,150.00 to the U.S. Government

<u>Allegation 7.</u> The Defendant shall pay any financial penalty that is imposed by the judgment that remains unpaid at the commencement of the term of supervised release. The Defendant's monthly payment schedule shall be an amount that is at least ten percent of his net monthly income.

### IV. Proceedings

On June 29, 2022, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the first allegation that claimed he failed to refrain from the unlawful use of a controlled substance—Carrino submitted a urine specimen positive for marijuana on January 13, 2022. In return, the parties agreed that he should be sentenced to 14 months' imprisonment each as to Counts One and Three, to run concurrently, with no supervised release to follow.

### V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by

a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case.  The original offenses of conviction were a Class D felony as to Count One and a Class C felony as to Count Three, therefore, the maximum imprisonment sentence is 2 years for each offense, which may be ordered to run consecutively or concurrently.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to refrain from the unlawful use of a controlled substance, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of VI, the policy statement imprisonment range is 8 to 14 months.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding.  *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Bradberry*, 360 F. App'x. 508, 509 (5th Cir. 2009).

community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a mandatory condition of release that he failed to refrain from the unlawful use of a controlled substance—Carrino submitted a urine specimen positive for marijuana on January 13, 2022. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is VI. The policy statement range in the Guidelines Manual is 8 to 14 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 14 months each as to Counts One and Three, to run concurrently, with no supervised release to follow.

## VII. Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a mandatory condition of release by failing to refrain from the unlawful use of a controlled substance. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to 14 months' imprisonment each as to Counts One and Three, to run concurrently, with no supervised release to follow.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable). The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court

imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

**SIGNED this the 29th day of June, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE